IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ORLANDO JOHNSON,

                                  Civil No. 08-867-ST

       Petitioner,

    v.

BRIAN BELLEQUE,

                             FINDINGS AND RECOMMENDATION

       Respondent.

     Kristina Hellman
     Assistant Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon 97204

         Attorney for Petitioner

     John R. Kroger
     Attorney General
     Kristen E. Boyd
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

         Attorneys for Respondent

///

   1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his 1990 and 2003 state-court convictions for Robbery.  For the reasons which follow, the Petition for Writ of Habeas Corpus (docket #1) should be dismissed.

## BACKGROUND

On September 26, 1990, petitioner was convicted of Robbery in the First Degree and sentenced as a dangerous offender to an indeterminate term of 30 years' imprisonment with a five-year minimum.  Respondent's Exhibit 101.  Petitioner did not take a direct appeal, nor did he pursue post-conviction relief ("PCR") at that time.

Petitioner was released on parole in 2003, but engaged in new criminal activity resulting in his conviction for Robbery in the Second Degree.  Respondent's Exhibits 101 & 113, p. 2.  When he sought to litigate the issues pertaining to his 2003 conviction, petitioner discovered a legal theory he wished to pursue with respect to his 1990 conviction and sentence.  As a result, on December 23, 2004, petitioner filed a PCR Petition challenging his 1990 Robbery conviction and resulting dangerous offender sentence. The PCR trial court denied relief.  Respondent's Exhibits 105 & 106. The Oregon Court of Appeals granted the State's Motion for Summary

2 - FINDINGS AND RECOMMENDATION

Affirmance, and the Oregon Supreme Court denied review.[1] Respondent's Exhibits 110 & 111.

Petitioner filed this federal habeas corpus action on July 22, 2008. Respondent asserts that petitioner failed to file his Petition for Writ of Habeas Corpus within the applicable one-year statute of limitations.

### FINDINGS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

---

[1]   Petitioner also filed a separate PCR action on March 11, 2005, in which he challenged his 2003 conviction and sentence. Respondent's Exhibit 112. The Oregon state courts denied relief on this Petition as well. Respondent's Exhibits 116, 120, & 122.

With respect to petitioner's 1990 conviction, AEDPA's statute of limitations did not begin to run until AEDPA's effective date of April 24, 1996.  *Ford v. Hubbard*, 305 F.3d 875, 882 (9th Cir. 2002). Respondent calculates that whether petitioner challenges his 1990 conviction and sentence or his 2003 conviction and sentence, his Petition for Writ of Habeas Corpus is untimely.  Specifically, he asserts that petitioner waited 3,380 days from the date his 1990 conviction became final, and 1,282 days from the date his 2003 convictions became final, to file the current federal habeas action.

Petitioner does not dispute that most of his claims are untimely, but argues that his Sixth Amendment claims pertaining to his dangerous offender sentence in 1990 are timely because they are predicated upon the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004).[2]  Because *Blakely* was not decided until June 24, 2004, he contends that AEDPA's statute of limitations did not begin to run until that day for purposes of his Sixth Amendment claims.

While the AEDPA provides that its statute of limitations may begin to run on the date on which a constitutional right was initially recognized, this provision only applies where the newly-recognized right is "made retroactively applicable to cases on collateral review."  28 U.S.C. 2244(d)(1)(C).  The Supreme Court's

---

[2]   In *Blakely*, the Supreme Court concluded that a criminal defendant's Sixth Amendment right to trial by jury was violated when his sentence was increased based upon a factual finding made by a judge rather than a jury.

decision in *Blakely* does not apply retroactively to cases on collateral review. *United States v. Cruz,* 423 F.3d 1119 (9th Cir. 2005). Accordingly, all of petitioner's claims to be untimely.

Petitioner also asserts that application of the AEDPA's statute of limitations to his case constitutes an unlawful suspension of the writ. However, the Ninth Circuit has rejected this argument. *Green v. White*, 223 F.3d 1001 (9th Cir. 2000); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

## RECOMMENDATION

The Petition for Writ of Habeas Corpus (docket #1) should be DISMISSED, with prejudice, on the basis that it is untimely.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due August 6, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement before a district judge on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement before a district judge.

DATED this 20th day of July, 2009.


s/   Janice M. Stewart
          Janice M. Stewart
          United States Magistrate Judge


5 - FINDINGS AND RECOMMENDATION